Clarence R. Claus and Jean H. Claus v. Commissioner.
Claus v. Commissioner
Docket No. 41215.
United States Tax Court
T.C. Memo 1955-143; 1955 Tax Ct. Memo LEXIS 200; 14 T.C.M. (CCH) 533; T.C.M. (RIA) 55143; May 31, 1955
*200 Held, on the facts, that petitioners have not sustained their burden of establishing that they furnished over half of the support for two minor children whom they claimed as dependents; and accordingly that they are not entitled to dependency exemption credits under section 25(b) of the Internal Revenue Code (1939) in respect of either of said children for any of the taxable years involved. Robert G. MacAlister, Esq., 700 Jones Law Building, Pittsburgh, Pa., for the petitioners. Edward L. Cobb, Esq., for the respondent. PIERCE Memorandum Opinion PIERCE, Judge: Respondent determined deficiencies in petitioners' income taxes for the years 1948, 1949 and 1950 in the amounts of $199.20, $224.20 and $208.62, respectively. *201 The sole question presented is whether the petitioners are entitled to dependency exemption credits under section 25(b) of the Internal Revenue Code (as in effect for each of the years involved [1]), in respect of two minor children of Clarence R. Claus, who resided apart from him with his former wife from whom he was divorced. The issue is basically one of fact, as to whether the petitioners furnished over half of the support for these children. The former wife claims that they did not; and that it is she, rather than petitioners, who is entitled to such credits. *202 The evidence consists of the testimony of Claus and of his former wife, together with six exhibits referred to in such testimony. [Findings of Fact] The petitioners are husband and wife who resided in or near Pittsburgh, Pennsylvania. For all taxable years involved they filed joint income tax returns with the collector of internal revenue for the twenty-third district of Pennsylvania. The petitioner Clarence R. Claus (herein called the "father") was divorced from his former wife Anastasia Claus, (herein called the "mother") in 1947. Two children of that marriage were Elaine and Leslie Claus, who in 1948 were minors of 10 and 7 years, respectively. During all years involved these children lived apart from the petitioner, with their mother. Pursuant to non-support orders entered by the County Court of Allegheny County, Pennsylvania, the father paid into that court the following amounts for the children's support: Calendar Year
1948 $593
1949
848
1950
784 Also at one time in 1948, the father paid $100 additional for such support. The father's own testimony, except for showing that the above-mentioned payments were made, does not establish that any *203 of the statutory requirements for the dependency exemption credits were met. He conceded that he did not know the total cost of supporting the children in any of the years involved. He knew that the children and their mother occupied a 2-story rented apartment; but he had never seen the children's rooms and did not know what rent was paid. He knew that the children attended a parochial school in Lawrenceville, Pennsylvania; but he did not contribute toward, or know, the cost of their tuition, books, lunches or streetcar transportation. He did not know whether either of the children had earnings of their own, although he had heard that the boy once had a paper route. He also was not familiar with the statutory requirement that he must furnish over half of the support for the children in order to claim them as "dependents"; and when he claimed exemptions for them on his income tax returns, he was without knowledge as to whether or not he had met such requirement. The testimony of the mother, who was called by petitioners and was examined as an adverse witness, was to the effect that the father had furnished less than half of the children's support. She presented and there were received *204 in evidence upon request of the petitioners, lists of estimated expenditures made by her on behalf of the children for each of the three years involved. These lists, which were unsupported by receipts, had been prepared by her about four or five months prior to the hearing, on the basis of her experience in paying bills and making purchases on behalf of the children. They showed in respect of each child, estimated costs for food, clothing, school, toilet articles, medical attention, and other miscellaneous items; and aggregate expenditures for both children for the years 1948, 1949 and 1950, in the amounts of $2,109.53, $2,217.73 and $2,467.64, respectively. The mother testified that while she could not be certain as to the accuracy of all the expenditures thus listed, she was certain that the amount spent for the children's support in each of the years involved was not less than $1,700 or $1,800 (which was more than double the above-mentioned amounts paid by the father). She testified that she and the children lived frugally; and that those portions of the expenditures for the children's support which were in excess of the father's payments, were paid by her from her own earnings *205 as a factory employee, which were as follows: Earnings less
income taxes
Additional
withheld
1948 income
1948
$2,904.05
Tax-free unemployment
compensation of un-
established amount
1949
2,531.88
1950
2,684.94
The mother further testified that the father's contributions to the children's support were not regular; and that from time to time she had found it necessary to apply to the Allegheny County Court for enforcement orders. This testimony is corroborated by copies of two such orders that were received in evidence, in one of which there is a direction for supplemental payments to be made on arrears. [Opinion] We hold, on the basis of all the evidence, that the petitioners have failed to establish error in the Commissioner's determinations, under which their claims to dependency exemption credits for the two children were denied. There is no evidence which could be used to revise or amend the estimates submitted by the mother; and if her testimony were disregarded in its entirety, there would still be no evidence to support the petitioners' contention that the payments of the father constituted over half of the children's support. *206 Decision will be entered for the respondent. Footnotes
1. SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME. * * *
(b) Credits for Both Normal Tax and Surtax. - (1) Credits. - There shall be allowed for the purposes of both the normal tax and the surtax, the following credits against net income: * * *
(D) An exemption of $600 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $500, * * *
(3) Definition of Dependent. - As used in this chapter the term "dependent" means any of the following persons over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer: (A) A son or daughter of the taxpayer, * * *↩